**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | |
|---|---|
| UNSELD NANCE, SR., individually, as the natural father and next friend of UNSELD NANCE, JR.; UNSELD NANCE, SR., individually; and PAMELA FARROW | **PLAINTIFFS** |
| v. | CASE NO. 3:07-CV-00119 BSM (Lead Case) |
| ERIK SAMMIS, in his individual capacity; JIMMY EVANS, in his individual capacity; WILLIAM JOHNSON, in his individual capacity; ROBERT PAUDERT, in his individual capacity; CITY OF WEST MEMPHIS, ARKANSAS; UNKNOWN WEST MEMPHIS POLICE OFFICERS, in their official capacities; and UNKNOWN ARKANSAS STATE POLICE OFFICERS, in their official capacities | **DEFENDANTS** |

**CONSOLIDATED WITH:**

| | |
|---|---|
| DEBRA FARROW, individually, and as co-administrator of the Estate of DeAunte Farrow on behalf of DeAunte Farrow; and ROBIN PERKINS, individually, and as co-administrator of the Estate of DeAunte Farrow | **PLAINTIFFS** |
| v. | CASE NO. 3:07-CV-00189 (Consolidated Case) |
| ERIK SAMMIS, individually, and in his official capacity as Officer of West Memphis Police Department; JIMMY EVANS, individually, and in his official capacity as Officer of West Memphis Police Department; WILLIAM JOHNSON, individually, and in his official capacity as Mayor of the City of West Memphis, Arkansas; ROBERT PAUDERT, individually, and in his official capacity as Chief of Police of West Memphis Police Department; THE CITY OF WEST MEMPHIS, ARKANSAS | **DEFENDANTS** |

**ORDER**

Presently before the court is the motion for sanctions filed by separate defendants Erik Sammis, Jimmy Evans, William Johnson, and Robert Paudert ("separate defendants"), in their individual capacities. On December 19, 2008, the court entered an order directing plaintiffs to respond to discovery propounded by separate defendants and to supplement their initial disclosures on or before December 22, 2008. On December 31, 2008, separate defendants filed the present motion asserting that plaintiffs' responses were inadequate and a flagrant violation of the court's order compelling disclosure.

In their motion for sanctions, separate defendants assert that plaintiffs failed to provide (1) the names and contact information for the individuals plaintiffs' counsel previously interviewed under oath and (2) access to the transcripts of said interviews, as requested in Interrogatories 5, 13, 14, and 15. In response, plaintiffs state that the interviews at issue were taken at the request of The National Action Network, a client of Javier Bailey, in contemplation of a class-action lawsuit unrelated to this action, but that the suit was abandoned due to lack of commonality. Plaintiffs further state that they provided defendants' counsel with copies of the handwritten statements, notes, and police reports of each of the interviewed subjects, as well as the business card of the court reporter who attended the interviews. Plaintiffs further state that transcripts were not ordered because they were too expensive and did not yield anything relevant in the case. Although plaintiffs should have set forth the names of those individuals interviewed in their interrogatory responses, the court

notes that plaintiffs have attached a list of interviewees to their response to this motion, as well as copies of the referenced handwritten statements, notes, and police reports. While plaintiffs' supplement may contain the identities of some of those interviewed, it does not fully respond to Interrogatories 5, 13, 14, and 15. Plaintiffs are directed to provide counsel for separate defendants supplemental responses to Interrogatories 5, 13, 14, and 15. As transcripts of the interviews were not ordered by plaintiffs, there is no need to provide access to same.

Separate defendants also assert that several of plaintiffs' answers are unresponsive. For example, in response to Interrogatory 18, which requested "the specific calculations and methodology used in determining the damages being sought," plaintiffs state, "The methodology was based on the shocking nature of the incident, and seeks to compensate the Plaintiffs and to punish the West Memphis Police Department." *See* Exhibits B & C. Plaintiffs did not respond to this allegation directly. Clearly, such an answer is not sufficiently responsive if, in fact, specific calculations and methodology were used in determining the damages sought. Plaintiffs shall either supplement their response to Interrogatory 18 or be precluded from attempting to demonstrate such calculations or methodology at trial.

Next, separate defendants assert that in response to Interrogatories 2, 3, 4, and 5, plaintiffs simply indicated that the answer was contained in the 681-page Special Prosecutor's Report. In response, plaintiffs assert that the Special Prosecutor's Report has

been provided to all parties, and that at the time the interrogatories were answered, the witnesses and exhibits contained in the report were completely responsive to the questions propounded. Additionally, in an addendum to their response to the pending motion, plaintiffs note that defendant City of West Memphis generally referenced the Special Prosecutor's Report in response to certain interrogatories propounded by plaintiffs. The court disagrees that the general reference to the Special Prosecutor's Report by either plaintiffs or the City of West Memphis sufficiently answers the various discovery requests. Plaintiffs are directed to set forth specific answers in direct response to Interrogatories 2, 3, 4, and 5. At the very least, the relevant page numbers from the Special Prosecutor's Report should be provided. As to identifying potential witnesses and exhibits, plaintiffs should specifically list such witnesses and exhibits in their discovery responses, and page number references to any exhibits contained in the Special Prosecutor's Report, if applicable. **All parties should take note of this ruling and consider supplementing their discovery responses**.

Separate defendants also state that plaintiffs claim they cannot answer Interrogatory 16 and Requests for Production 1 and 2 because of defendants' unanswered discovery. Interrogatory 16 requested that plaintiffs "identify all West Memphis policies and customs that led to the damages claimed in the Farrow Complaint," to which plaintiffs stated, "The known complaints against Erik Sammis or other officers cannot be substantiated at this time because the West Memphis Police Department has not responded to Plaintiff's discovery requests." Requests for Production 1 and 2 request copies of documents identified in the

discovery responses, as well as documents that support or substantiate the discovery responses. Plaintiffs state that at the time the interrogatories were answered, the information requested was not within the possession of the plaintiffs, and that the depositions of defendants Paudert and Johnson made it clear that no documentation existed. Plaintiffs further state that the statements of Sammis, Paudert, and Johnson will be relied upon to establish the practices and customs, and deliberate indifference, which resulted in the death of DeAunte Farrow. The court notes that plaintiffs fail to identify which particular statements they intend to rely upon to establish the practices and customs and deliberate indifference. Furthermore, while identifying the particular statements to be relied upon may address the requests for production, Interrogatory 16 remains unanswered. Plaintiffs are directed to supplement their responses.

The court notes that it appears plaintiffs have failed to supplement their response to Interrogatory 8, which asks for the names of all persons that have had possession of the Coke bottle and chip bag produced for inspection by counsel, and related Interrogatories 10, 11, and 12. Although separate defendants did not raise this issue again,[1] plaintiffs should supplement this response, unless this issue has been resolved.

The court finds that plaintiffs' counsel has violated the order granting separate defendants' motion to compel by failing to adequately respond to the outstanding discovery.

---

[1] The issue was previously raised in a letter from Attorney Michaels dated August 27, 2008. *See* Doc. No. 69-3.

The court directs plaintiffs to provide supplemental responses as discussed herein on or before January 20, 2009.

As to the issue of sanctions, Federal Rule of Civil Procedure 37(b)(2) provides:

(A) *For Not Obeying a Discovery Order*. If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
. . .
  (v) dismissing the action or proceeding in whole or in part;
  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
. . .
(C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Although the court will not impose the drastic sanction of dismissal, the court will require plaintiffs' counsel to pay a nominal attorney's fee in the amount of $200 to counsel for separate defendants, which fees were incurred as a result of plaintiffs' failure to comply with the motion to compel.

Accordingly, defendants' motion for sanctions (Doc. No. 94) is granted.

IT IS SO ORDERED THIS 15th day of January, 2009.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE