**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | |
|---|---|
| **UNSELD NANCE, SR., individually, as the natural father and next friend of UNSELD NANCE, JR.; and PAMELA FARROW** | **PLAINTIFFS** |
| v.  CASE NO. 3:07-CV-00119 BSM (Lead Case) | |
| **ERIK SAMMIS, individually; JIMMY EVANS, individually; WILLIAM JOHNSON, individually; ROBERT PAUDERT, individually; CITY OF WEST MEMPHIS, ARKANSAS; and UNKNOWN ARKANSAS STATE POLICE OFFICERS, in their official capacities** | **DEFENDANTS** |

**CONSOLIDATED WITH:**

| | |
|---|---|
| **DEBORAH FARROW and ROBIN PERKINS, individually, and as co-administrators of the Estate of DeAunta Farrow** | **PLAINTIFFS** |
| v.  CASE NO. 3:07-CV-00189 (Consolidated Case) | |
| **ERIK SAMMIS, individually; JIMMY EVANS, individually; WILLIAM JOHNSON, individually; ROBERT PAUDERT, individually; THE CITY OF WEST MEMPHIS, ARKANSAS** | **DEFENDANTS** |

**ORDER**

On February 10, 2009, defendants William Johnson, Robert Paudert, Erik Sammis, and Jimmy Evans, in their individual capacities, filed a notice of interlocutory appeal (Doc. No. 147). In their notice of appeal, defendants request that the court stay this action

and remove it from the court's docket pending a decision by the Eighth Circuit Court of Appeals.

The filing of a notice of appeal is "an event of jurisdictional significance" that confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal. *Liddell v. Bd. of Educ.,* 73 F.3d 819, 823 (8th Cir.1996) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)). A "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Hunter,* 362 F.3d at 475. "The [divestiture] rule serves two important interests. First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing 'two front war' for no good reason, . . . avoiding possible duplication and confusion by allocating control between forums." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (internal citation omitted).

Defendants' request to stay this action pending the decision of the Eighth Circuit Court of Appeals is granted in order to control the court's docket, conserve judicial resources, and provide for a just determination of the cases pending before it. The trial set for February 17, 2009, is cancelled.

Accordingly, this case is stayed pending the decision of the Eighth Circuit Court of Appeals. The trial set for February 17, 2009, is removed from the court's calendar.

IT IS SO ORDERED this 11th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE