UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**UNSELD NANCE, SR., et al.**                                                              **PLAINTIFFS**

**v.**                     **CASE NO. 3:07cv00119 BSM**
                  **CONSOLIDATED with 3:08cv00189 BSM**

**ERIK SAMMIS, et al.**                                                                     **DEFENDANTS**

## ORDER

The City of West Memphis ("the city") moves for clarification of the claims against it that survived summary judgment. On appeal, the Eighth Circuit Court of Appeals read plaintiffs' complaints to have pressed state law claims only against the individual officers and not against the mayor, chief of police, or city. *Nance v. Sammis*, 586 F.3d 604, 609 n.2 (8th Cir. 2009). Plaintiffs, therefore, may not press these claims against the city.

The order [Doc. No. 164] denying the city's motion [Doc. No. 139] to reconsider declined to reconsider the remaining equal protection claims and 42 U.S.C. § 1985 claims. After reviewing the record, it is determined that any remaining equal protection claims would be based on 42 U.S.C. § 1983. Summary judgment was granted in favor of the city on the § 1983 claims [Doc. No. 136] and therefore plaintiffs do not have any equal protection claims remaining against the city.

The Eighth Circuit did not address the remaining § 1985 claims, and the city never mentioned the § 1985 claims in its motion for summary judgment. In dicta, the Eighth Circuit stated that the only claims raised against the city are § 1983 claims. *Nance*, 586 F.3d at 609 n.2. The Nance complaint, however, unambiguously raises a § 1985 claim against the city,

and the city should have dealt with that claim in its motion for summary judgment. Nance Compl. ¶ 6. Yet, after reviewing the record as a whole, it appears that no party has presented any evidence that would support a § 1985 claim. Based on this, it appears the Eighth Circuit was correct in reading the record as whole to raise only § 1983 claims against the city. *Id*. Therefore, plaintiffs have no § 1985 claims remaining against the city

After reviewing the record as whole, no claims remain against the City of West Memphis.

IT IS SO ORDERED this 24th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE